AO 91 (Rev. 11/11) Criminal Complaint                    AUSA Irene Sullivan (312) 353-5342
                                                          AUSA Aaron R. Bond (312) 469-6047

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| UNITED STATES OF AMERICA | |
|---|---|
| v. | CASE NUMBER: 25 CR 19 |
| MARC JANDURA | |



FILED
1/13/2025
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about August 11, 2022, at Chicago, in the Northern District of Illinois, Eastern Division, the defendant violated:

| *Code Section* | *Offense Description* |
|---|---|
| Title 21, United States Code, Section 841(a) | knowingly possessing with intent to distribute a controlled substance, namely, 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II Controlled Substance, and 500 grams or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II Controlled Substance |

This criminal complaint is based upon these facts:

 X   Continued on the attached sheet.

*Matthew D Moore*
MATTHEW D. MOORE
Task Force Officer, Bureau of Alcohol, Tobacco, Firearms, and Explosives

Pursuant to Fed. R. Crim. P. 4.1, this Complaint is presented by reliable electronic means. The above-named agent provided a sworn statement attesting to the truth of the Complaint and Affidavit by telephone.

Date: January 13, 2025

*Judge's signature*

City and state: Chicago, Illinois        Keri L. Holleb Hotaling, U.S. Magistrate Judge
                                          *Printed name and title*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

## **AFFIDAVIT**

I, Matthew D. Moore, being duly sworn, hereby depose and state as follows:

1. I am a Task Force Officer with the Bureau of Alcohol, Tobacco, Firearms & Explosives ("ATF") and have been so employed since approximately April 2023. I am currently assigned to the ATF's Chicago Field Division, and my responsibilities include the investigation of federal firearms and narcotics related offenses. I have been employed by the Chicago Police Department for the past 11 years, with over 8 years of experience investigating gangs, firearms, and narcotics offenses.

2. As part of my duties as an ATF Task Force Officer, I investigate criminal violations relating to narcotics trafficking offenses, including criminal violations of the Federal Controlled Substance laws, including, but not limited to Title 18, United States Code, Sections 1956 and 1957, and Title 21, United States Code, Sections 841, 843, 846, 848, 952 and 963. I have been involved with various electronic surveillance methods and the debriefing of defendants, informants, and witnesses, as well as others who have knowledge of the distribution, transportation, storage, and importation of controlled substances.

3. I have received training in the area of narcotics investigations, money laundering, financial investigations, and various methods used by drug dealers to conceal and launder the proceeds of their illicit drug trafficking enterprises. I have participated in numerous investigations involving violations of narcotics laws.

4. I have participated in investigations that have led to the issuance of search warrants involving violations of narcotic laws. These warrants involved the search of locations including: residences of targets, their associates and relatives; "stash houses" (houses used as drug/money storage locations); storage facilities; bank safety deposit boxes; cellular/camera phones; and computers. The evidence searched for and recovered in these locations has included controlled substances, records pertaining to expenditures and profits, monetary instruments, and various assets that were purchased with the proceeds of the drug trafficking.

5. My responsibilities also include the investigation of violations of law as they relate to federal firearms offenses, including the unlawful possession of firearms or ammunition by convicted felons, firearms trafficking, violent crime, and narcotics trafficking. I employ investigative tools such as the use of informants and witnesses, surveillance, controlled purchases of firearms and narcotics, firearms traces, telephone toll analysis, and the execution of both search warrants and arrests warrants. I have participated in the execution of multiple federal search warrants related to federal firearms offenses, along with dozens of state search warrants throughout my career.

6. This affidavit is submitted in support of a criminal complaint alleging that Marc JANDURA has violated Title 21, United States Code, Sections 841(a)(1) (the "**Subject Offense**").

7. Because this affidavit is being submitted for the limited purpose of establishing probable cause in support of a criminal complaint charging JANDURA,

I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause to believe that JANDURA committed the offense alleged in the complaint.

8. This affidavit is based on my personal knowledge, my training and experience, my review of audio and/or video recorded conversations, law enforcement records, and court documents, as well as information provided to me by other law enforcement agents and other individuals.

### FACTS ESTABLISHING PROBABLE CAUSE

**A. Summary of Investigation**

9. The United States, including the ATF and the Drug Enforcement Administration ("DEA"), is conducting a criminal investigation related to Marc JANDURA and narcotics trafficking in violation of the **Subject Offense**.

10. In approximately June 2022, a DEA confidential source ("CS-2") identified JANDURA as a narcotics trafficker who operated in Chicago and the surrounding area[1]. Specifically, CS-2 told law enforcement that he/she had purchased narcotics (crystal methamphetamine and marijuana) from JANDURA for approximately two years. Thereafter, and under the direction of law enforcement, CS-2 coordinated a controlled purchase of approximately one pound of

---

[1] CS-2 was cooperating for consideration regarding a narcotics arrest by DEA. No promises have been made to him/her. The information that CS-2 provided has been corroborated through independent law enforcement surveillance, information gathered from law enforcement databases, a distribution of methamphetamine discussed below, and recorded calls and text messages with JANDURA. CS-2 has a prior felony conviction for a narcotics-related offense.

methamphetamine from JANDURA at his residence located at 10S413 Carrington Circle, in Willowbrook, Illinois.

11. In approximately August 2022, law enforcement, pursuant to a search warrant issued by the Honorable Sunil Harjani, U.S. Magistrate Judge for the Northern District of Illinois (see 22 M 617), searched JANDURA's residence located at 10S413 Carrington Circle, in Willowbrook. While searching JANDURA's home, law enforcement located and seized approximately 970 grams of cocaine and 2,677 grams of methamphetamine, as well as a large quantity of marijuana.

### *August 5, 2022 – Law Enforcement Purchased Methamphetamine from JANDURA*

12. On or about August 5, 2022, CS-2 working in an undercover capacity, made a controlled purchase of approximately one pound of cocaine from JANDURA.

13. More specifically, on or about August 3, 2022, through August 5, 2022, under the direction of law enforcement, CS-2 exchanged several text messages with JANDURA, which were saved and collected by law enforcement.

14. On or about August 3, 2022, at approximately 12:04 p.m., CS-2 and JANDURA, who was utilizing cellphone number 773-951-0530 (the "JANDURA Phone"), exchanged several text messages. During the text exchange, JANDURA wrote, "I got them [pounds of crystal methamphetamine] for 22 [$2,200] if your boy ever needs it." The CS replied, "ice?? [crystal methamphetamine]." JANDURA responded, "Yea."

15. According to the CS-2, on or about August 4, 2022, at approximately 10:00 p.m., at the direction of agents, CS-2 sent JANDURA a Snapchat text message,

asking JANDURA to sell CS-2 one pound of crystal methamphetamine. CS-2 inadvertently did not record this outgoing Snapchat text message.

16. According to the CS-2, on or about August 5, 2022, at approximately 12:27 p.m., CS-2 received a Snapchat text message response from JANDURA, which related that CS-2 could come over and see JANDURA at his residence located at 10S413 Carrington Circle, in Willowbrook, so that CS-2 could purchase the one pound of crystal methamphetamine. CS-2 responded to JANDURA over Snapchat that he/she would come over later in the afternoon.[2]

17. On or about August 5, 2022, in preparation for the transaction, law enforcement met with CS-2 at a predetermined location. CS-2's person and vehicle were searched, and no contraband was found. Prior to this undercover contact, CS-2 was equipped with a disguised audio and video recording device as well as an electronic transmitter. Law enforcement then gave CS-2 $2,200 in buy money to purchase the methamphetamine from JANDURA.

18. At approximately 3:08 p.m., CS-2 drove to 10S413 Carrington Circle, in Willowbrook. At approximately 3:15 p.m., CS-2 arrived at JANDURA's residence and exited the vehicle. Law enforcement observed JANDURA open the front door of the residence and CS-2 entered the residence.

19. According to CS-2, once inside the residence JANDURA told CS-2 he had an additional "90 grams" of methamphetamine for sale for $200. CS-2 informed

---

[2] Due to Snapchat disappearing function, the CS was not able to record this Snapchat text message prior to the message disappearing.

JANDURA he/she did not have the extra $200 but would pay JANDURA later. JANDURA agreed to front the additional 90 grams of methamphetamine to CS-2. JANDURA weighed and packaged the narcotics in the kitchen area of the residence. CS-2 counted the $2,200 and provided the money to JANDURA in exchange for the methamphetamine.

20. Moments after the transaction, CS-2 exited the residence, re-entered his/her vehicle, and drove to the predetermined location and met law enforcement. CS-2 then turned over a white sealed plastic shipping envelope that contained a clear plastic freezer-style bag inside of which were two Ziploc-style baggies with a crystal-like substance.

21. The two Ziploc style baggies containing the crystal-like substance weighed approximately 561 grams. Law enforcement then searched CS-2's person and vehicle again, finding no contraband.

22. According to subsequent laboratory testing, the crystal-like substance which JANDURA sold to CS-2 had a net weight of approximately 542.3 grams and tested positive for methamphetamine hydrochloride.

### *August 11, 2022 – Law Enforcement Execute Federal Search Warrant 22 M 617 at JANDURA's Residence*

23. On or about August 11, 2022, a search warrant was issued by the Honorable Sunil Harjani, U.S. Magistrate Judge for the Northern District of Illinois, for JANDURA's residence located at 10S413 Carrington Circle in Willowbrook, Illinois (see 22 M 617). The search of JANDURA's residence resulted in the recovery of various narcotics to include methamphetamine, cocaine, and cannabis. In addition,

law enforcement recovered numerous items of drug paraphernalia, a vacuum sealer, and a money counter inside the residence. Law enforcement also recovered numerous financial documents to include tax forms and bank statements/receipts throughout the residence in JANDURA's name.

24. Specifically, according to subsequent laboratory testing, the crystal-like substance recovered from JANDURA's residence had a net weight of approximately 2,677.7 grams and tested positive for methamphetamine hydrochloride.

25. Additionally, according to subsequent laboratory testing, the white-colored substance recovered from JANDURA's residence had a net weight of approximately 970.7 grams and tested positive for cocaine hydrochloride.

26. Law enforcement also recovered two U-Haul boxes that contained approximately 50 pounds of a green leafy substance, suspected cannabis.

## CONCLUSION

27. Based on the foregoing, there is probable cause to believe that on or about August 11, 2022, MARC JANDURA knowingly possessed with intent to distribute a controlled substance, namely 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II Controlled Substance, and 500 grams or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II Controlled Substance violated Title 21, United State Code, Section Sections 841(a)(1).

FURTHER AFFIANT SAYETH NOT.

*Matthew D Moore*
MATTHEW D. MOORE
Task Force Officer, Bureau of Alcohol,
Tabacco, Firearms, and Explosives

SWORN TO AND AFFIRMED by telephone January 13, 2025.

KERI L. HOLLEB HOTALING
United States Magistrate Judge